UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| DOUGLAS GABLE and NIESHA KING, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CV423-125 |
| ALAN LUFFMAN, and TRU-PAK MOVING SYSTEMS, INC., | ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiffs Douglas Gable and Niesha King have filed their Second Motion for Leave to File Amended Complaint. Doc. 33. They wish to add a claim for punitive damages against both defendants. *See* doc. 33 at 1-2; *see also id.* at 9-20 (Proposed First Amended Complaint). Defendants oppose their request. Doc. 36. For the following reasons, Plaintiffs' motion should be **DENIED**. Doc. 33.[1]

---

[1] The Eleventh Circuit, in unpublished decisions, has indicated that motions to amend are nondispositive motions which a magistrate judge has the authority to resolve. *See Palmore v. Hicks*, 383 F. App'x 897, 900 (11th Cir. 2010) ("Because a magistrate's disposition of a motion to amend constitutes a nondispositive pretrial ruling, [Plaintiff] was required to object to the magistrate's denial of his motion to amend to preserve this argument for appeal."); *Reeves v. DSI Sec. Servs., Inc.*, 395 F. App'x 544, 548 (11th Cir. 2010) ("A district court may also designate a magistrate judge to rule on certain non-dispositive pretrial motions, such as a motion to amend a complaint." (citing 28 U.S.C. § 636(b)(1)(A))); *Clemons v. Delta Air Lines Inc.*, 625

Plaintiffs concede that the deadline to file motions for leave to amend expired on July 5, 2023.  *See* doc. 33 at 3; *see also* doc. 16 at 1. Therefore, as the Court previously explained, *see* doc. 30 at 2, Plaintiffs "must show 'good cause' for failing to meet the deadline under Federal Rule of Civil Procedure 16." *Universal Physician Servs., LLC v. Del Zotto*, 842 F. App'x 350, 355 (11th Cir. 2021); *see also* Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).  As *Sosa* points out, Rule 16's "good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (quotations and citation omitted). Only if Plaintiffs meet this good cause standard may the Court consider whether amendment is proper under Federal Rule of Civil Procedure 15. *Id.* at 1419.

According to Plaintiffs, "Defendant Alan Luffman was driving an 18-wheeler semi-truck on behalf of his employer, Defendant Tru-Pak" when he "improperly changed lanes," causing a collision.  Doc. 33 at 1.

---

F. App'x 941, 943 (11th Cir. 2015) (finding party waived right to appeal magistrate judge's ruling on a motion to amend by failing to object pursuant to Federal Rule of Civil Procedure 72(a), since it was a nondispositive pretrial motion).  Nevertheless, out of an abundance of caution, the undersigned submits this recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) considering the impact of the recommended disposition on Plaintiffs' claim for punitive damages.

2

He then "fled the scene." *Id.* at 2. Plaintiffs argue good cause exists to allow a retroactive amendment because they were "unaware of the facts that make up the basis for [their] claim for punitive damages" until Defendant Luffman's deposition on December 18, 2023. *Id.* at 3-4. Contrary to Plaintiffs' assertion, Defendants point out, correctly, that Plaintiffs knew Defendant Luffman left the scene of the accident "well before this litigation even began." Doc. 36 at 2. Plaintiff's Complaint, initially filed in the State Court of Chatham County on April 5, 2023, alleges that "[a]fter Defendant violently struck Plaintiffs' vehicle, Defendant fled the scene." Doc. 1-1 at 3. In his Answer filed May 12, 2023, Defendant Luffman "admit[ted] that he left the scene of the accident at issue." Doc. 12 at 7.

Plaintiffs' Motion focuses on Luffman's testimony during his deposition about a call he had with a "dispatcher for Defendant Tru-Pak" while he was "still traveling away from the scene." Doc. 33 at 2; *see also id.* at 3-4. Luffman testified that the dispatcher told him to return to Tru-Pak's headquarters after he asked if he should return to the scene of the accident. *Id.* at 3-4. Plaintiffs suggest this testimony supports their claim for punitive damages, and that they were unaware of this

3

testimony before Luffman's deposition, but do not explain why the information they already had about Luffman fleeing the scene was insufficient, absent this new testimony, to allege punitive damages. *See generally id.* They also fail to explain how they were diligent in pursuing a potential claim for punitive damages, especially considering they knew from the beginning that this case was a hit and run. This lack of diligence ends the good cause inquiry. *See Sosa*, 133 F.3d at 1418. Because Plaintiffs have not shown good cause under Rule 16, their Motion to Amend should be **DENIED**. Doc. 33.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 5th day of March, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA